This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                              **NO. 30,024**

**IRA FLORES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Henninghausen & Olsen, L.L.P.
Kenneth B. Wilson
Roswell, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant contends the district court improperly denied his motion to suppress based on pretext. We issued a calendar notice proposing to affirm the district court

and Defendant filed a timely memorandum in opposition. We remain unpersuaded and affirm.

The district court entered detailed findings of fact in this case. [RP 116] At approximately 1:50 a.m. on October 10, 2008, Sergeant Dixon, an on-duty officer with the Chaves County Sheriff's Department, observed Defendant make a wide left turn. [RP 117] Sergeant Dixon was parked in a driveway of a closed business, not far from a local bar named Boot Scooters at the time he first observed Defendant. [Id.] Law enforcement routinely patrol the area around Boot Scooters in the late evening, as it is their experience that when the bar closes a "flood" of intoxicated drivers hit the streets. [Id.] When observing the area, Sergeant Dixon looks for signs of diminished capacity and impaired driving, including "diminished time and distance perception, diminished motor skills, manner of driving in the motor phase, excessively fast or slow speed, quick stops, over-acceleration when taking off, wrong turn signal and headlamp violations." [Id.]

After observing Defendant make what the officer considered a wide turn, the officer began following Defendant to investigate further. [Id.] The officer's pacing of Defendant indicated Defendant was speeding. The officer also noted Defendant drifting toward the center lane and having trouble controlling the automobile. [RP 118, 119] The officer stopped the vehicle, explaining he believed he had reasonable

suspicion Defendant was driving while impaired, either from driving under the influence or medical problems. [Id.] The officer also testified that, while he had not seen Defendant's car leave Boot Scooters, he had a hunch that it had. He also testified he would have stopped any vehicle driving like Defendant, regardless of whether the driver had left a bar or not. [Id.]

Once stopped, Defendant was cited for aggravated DWI. [RP 119] Defendant filed a motion to suppress on the ground that the stop was pretextual, in violation of *State v. Ochoa,* 2009-NMCA-002, 146 N.M. 32, 206 P.3d 143, *cert. quashed*, 2009-NMCERT-011, 147 N.M. 464, 225 P.3d 794, arguing the officer stopped Defendant because he suspected Defendant had been drinking and wanted to see whether Defendant "had been at Bootscooters drinking or engaged in any other criminal activity while at Bootscooters." [RP 111] The district court found that the officer did not have reasonable suspicion to stop Defendant based on the wide right turn, but that the officer did have reasonable suspicion to stop Defendant once he observed Defendant's speeding, loss of control, and drifting toward the center lane. [RP 119-120] Defendant's motion to suppress was denied. [RP 120] Defendant appeals.

The district court's ultimate ruling on Defendant's motion to suppress involves mixed questions of fact and law. *See State v. Neal*, 2007-NMSC-043, ¶ 15, 142 N.M. 176, 164 P.3d 57. In reviewing the district court's decision on a motion to suppress,

we determine "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party." *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted). We defer to the district court's findings of fact to the extent that they are supported by substantial evidence. *Id.* However, we "review the application of the law to these facts, including determinations of reasonable suspicion, under a de novo standard of review." *State v. Patterson*, 2006-NMCA-037, ¶ 13, 139 N.M. 322, 131 P.3d 1286. We will employ all reasonable presumptions in support of the district court's ruling. *See Jason L.*, 2000-NMSC-018, ¶ 11.

When an officer stops an automobile to investigate a possible crime, we analyze the reasonableness of the stop and ensuing investigatory detention in accordance with the two-part test in *Terry v. Ohio*, 392 U.S. 1 (1968). *See State v. Duran*, 2005-NMSC-034, ¶ 23, 138 N.M. 414, 120 P.3d 836. We ask whether the stop was justified at its inception and whether the officer's actions during the stop were reasonably related to circumstances that justified the stop. *Duran*, 2005-NMSC-034, ¶ 23. In order for the stop to be justified at its inception, "[t]he officer, looking at the totality of the circumstances, must be able to form a reasonable suspicion that the individual in question is engaged in or is about to be engaged in criminal activity." *State v. Contreras*, 2003-NMCA-129, ¶ 5, 134 N.M. 503, 79 P.3d 1111. "A

4

reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law." *Jason L.*, 2000-NMSC-018, ¶ 20.

Under the New Mexico constitution, even if an officer has reasonable suspicion to believe that a person has committed a traffic violation, a traffic stop may nevertheless be unconstitutional if it is motivated by the officer's desire to investigate criminal activity that he does not have a reasonable suspicion or probable cause to believe has occurred. *Ochoa*, 2009-NMCA-002, ¶ 40. In analyzing a claim of improper pretext, we have stated:

> First, the trial court must determine whether there was reasonable suspicion or probable cause for the stop. . . . If the stop can be justified objectively on its face and the defendant argues that the seizure was nevertheless unreasonable because it was pretextual under the New Mexico Constitution, then the district court must decide whether the officer's motive for the stop was unrelated to the objective existence of reasonable suspicion or probable cause. The defendant has the burden of proof to show pretext based on the totality of the circumstances. If the defendant has not placed substantial facts in dispute indicating pretext, then the seizure is not pretextual. If the defendant shows sufficient facts indicating the officer had an unrelated motive that was not supported by reasonable suspicion or probable cause, then there is a rebuttable presumption that the stop was pretextual. The burden shifts to the state to establish that, based on the totality of the circumstances, even without that unrelated motive, the officer would have stopped the defendant.

*Id.* (internal quotation marks and citations omitted).

Here, we agree with the district court that the officer had sufficient reasonable suspicion to justify the stop. We are unpersuaded that there was anything pretextual about the stop. Officers apparently routinely patrol this area late at night, specifically because of the high incidence of DWI. [RP 117] Unlike those cases where a defendant is stopped because of a technical traffic violation only to provide officers an opportunity to investigate some unrelated crime, the testimony in this case indicates the officer investigated and eventually stopped Defendant because his erratic driving indicated to the officer Defendant was likely driving while impaired. In fact, Defendant was, indeed, driving while impaired and he was cited for this offense. [DS 1] There is no indication that the officer was interested in Defendant for any other reason than because he believed Defendant was driving while impaired. This therefore appears to be the opposite of a pretextual stop.

Defendant argues that the officer improperly "bird dogged" him and that if an officer follows someone long enough the officer will always find some justification for a stop. [MIO 2] He further argues that our reasoning would free "police to make pretextual stops so long as the underlying crime is driving while impaired and the pretext is traffic related." [MIO 3] We disagree. Officers have a right to investigate those situations which cause them concern, so long as they do so within the confines of constitutional protections. Here, the officer proceeded in the correct manner. He

6

did not stop Defendant immediately, based only upon the area in which Defendant was driving or the legal wide turn. Instead, the officer followed Defendant to investigate his suspicions and then, only once observing Defendant's speeding and weaving, initiated the stop of the vehicle. [RP 118-119] The officer's motives for stopping the vehicle therefore matched the "objective existence of reasonable suspicion ." *Ochoa,* 2009-NMCA-002, ¶ 40. The officer initiated the stop of the vehicle for the same reason he issued Defendant a citation.

As previously explained, we look at whether the stop was justified at its inception. *Contreras*, 2003-NMCA-129, ¶ 5. Here, at the time of the stop, the officer had reasonable suspicion that Defendant was driving while impaired, based on the officer's observation of specific violations and erratic behavior.

For the reasons stated above we affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

7

_____

**RODERICK T. KENNEDY, Judge**